THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DANIEL MENDOZA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN LANDEFELD and RKL DIESEL AND AUTOMOTIVE LLC,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:24-cv-00260-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

BACKGROUND[1]

Pro se Plaintiff Daniel Mendoza ("Mr. Mendoza") filed his complaint against Defendants Ryan Landefeld and RKL Diesel and Automotive LLC (collectively, "Defendants") on April 9, 2024,[2] and served Defendants with a summons and the complaint the following day.[3] Defendants answered Mr. Mendoza's complaint on May 9, 2024, approximately one week late.[4]

The court held a scheduling conference on November 26, 2024,[5] and entered a scheduling order the same day.[6] Among other things, the court set December 10, 2024, as the

---

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 8.

[2] ECF No. 1.

[3] ECF Nos. 6-7.

[4] ECF No. 11.

[5] ECF No. 24.

[6] ECF No. 25.

deadline for the parties to exchange their Fed. R. Civ. P. 26(a)(1) initial disclosures and June 11, 2025, as the deadline for fact discovery to close.[7] The court also set a status conference for May 13, 2025.[8] The court subsequently continued the status conference twice,[9] eventually setting it for June 30, 2025.[10]

At the status conference, Mr. Mendoza indicated that he had provided his initial disclosures to Defendants but had not conducted any other discovery.[11] Defendants admitted that they had not yet provided their initial disclosures to Mr. Mendoza.[12] Accordingly, the court ordered Defendants to provide initial disclosures by no later than July 7, 2025, and set other amended deadlines.[13] The court entered an amended scheduling order to memorialize its rulings, which set the July 7, 2025 deadline for Defendants' initial disclosures and a September 12, 2025 deadline for fact discovery to close.[14]

Mr. Mendoza moved for default judgment and summary judgment on August 20, 2025.[15] In that motion, Mr. Mendoza indicated that Defendants still had not provided their initial disclosures. Based upon that failure, Mr. Mendoza moved for entry of default judgment against Defendants as a sanction under Fed. R. Civ. P. 37(b) and Rule 37(c). Alternatively, Mr. Mendoza

---

[7] *Id.*

[8] *Id.*

[9] ECF Nos. 27-29.

[10] ECF Nos. 31-32.

[11] ECF No. 34.

[12] *Id.*

[13] *Id.*

[14] ECF No. 35.

[15] ECF No. 36.

sought exclusion of any of Defendants' undisclosed information under Rule 37(c). Mr. Mendoza

also moved for summary judgment under Fed. R. Civ. P. 56(a). On the same date he filed his

motion, Mr. Mendoza served his first set of discovery requests on Defendants.[16] About one week

later, Mr. Mendoza moved for entry of a temporary restraining order and a preliminary injunction

under Fed. R. Civ. P. 65, seeking immediate return of the property that is the subject of this

lawsuit.[17]

On September 3, 2025, District Judge Howard C. Nielson, Jr. entered an order

demonstrating that Mr. Mendoza's complaint failed to adequately allege diversity jurisdiction

under 28 U.S.C. § 1332.[18] Accordingly, Judge Nielson ordered Mr. Mendoza to promptly file an

amended complaint that sufficiently alleged diversity jurisdiction.[19] Mr. Mendoza filed his

amended complaint on September 24, 2025.[20] Defendants answered Mr. Mendoza's amended

complaint on October 14, 2025, again approximately one week after the deadline for doing so.[21]

Several days after Mr. Mendoza filed his amended complaint, Judge Nielson denied Mr.

Mendoza's request for a temporary restraining order.[22] However, Judge Nielson referred Mr.

Mendoza's request for a preliminary injunction to this court for resolution.[23]

---

[16] *Id.* at 27-56 of 56.

[17] ECF No. 38.

[18] ECF No. 39.

[19] *Id.*

[20] ECF No. 40.

[21] ECF No. 46.

[22] ECF No. 41.

[23] ECF Nos. 41-42.

On October 4, 2025, Mr. Mendoza again moved for default judgment and summary judgment.[24] Mr. Mendoza indicated that Defendants did not provide their initial disclosures to him until August 21, 2025, despite the court's order for Defendants to provide them no later than July 7, 2025. Mr. Mendoza further indicated that Defendants had not responded to his first set of discovery requests. Consequently, Mr. Mendoza again sought entry of default judgment against Defendants as a sanction under Rule 37(b). Additionally, Mr. Mendoza sought the same relief as a sanction under Fed. R. Civ. P. 16(f) and Rule 37(d). Alternatively, Mr. Mendoza asked the court to strike Defendants' answer, enter Defendants' default under Fed. R. Civ. P. 55(a), and enter default judgment under Rule 55(b). As yet another alternative, Mr. Mendoza again sought summary judgment under Rule 56(a).

**ANALYSIS**

For the reasons explained below, the court should deny Mr. Mendoza's: (I) motions for default judgment and summary judgment; and (II) motion for a preliminary injunction. Each issue is addressed in turn.

**I.    The Court Should Deny Mr. Mendoza's Motions for Default Judgment and Summary Judgment.**

Mr. Mendoza moves for: (A) default judgment; and (B) summary judgment. As demonstrated below, the court should deny both requests for relief.

---

[24] ECF No. 45.

A.  Mr. Mendoza's Motions for Default Judgment Should Be Denied.

Mr. Mendoza seeks entry of default judgment against Defendants under: (1) Rule 16(f); (2) Rule 37(b); (3) Rule 37(c); (4) Rule 37(d); and (5) Rule 55. The court addresses each rule below and concludes that Mr. Mendoza's request for relief under each one should be denied.

1.  Rule 16(f)

Mr. Mendoza's request for entry of default judgment under Rule 16(f)—which is based upon Defendants' failure to timely provide their initial disclosures in violation of the court's scheduling orders—should be denied. In relevant part, Rule 16(f) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."[25] The possible "just orders" include "a default judgment against the disobedient party."[26]

> Because a default judgment is a harsh sanction, due process requires that failure to obey rules or orders is a sufficient ground only when it is the result of willfulness, bad faith, or some fault of [the disobedient party] rather than inability to comply. Willful failure means any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.[27]

A dispositive sanction (e.g., entry of default judgment) "should be used as a weapon of last, rather than first, resort."[28] When determining whether to enter default judgment as a sanction, the

---

[25] Fed. R. Civ. P. 16(f)(1)(C).

[26] Fed. R. Civ. P. 37(b)(2)(A)(vi).

[27] *Schroeder v. Sw. Airlines,* 129 F. App'x 481, 483-84 (10th Cir. 2005) (citation modified).

[28] *Ehrenhaus v. Reynolds,* 965 F.2d 916, 920 (10th Cir. 1992) (citation modified).

court must consider the factors set forth in *Ehrenhaus v. Reynolds*.[29] Those factors are: (1) the degree of actual prejudice to the non-offending party; (2) the amount of interference with the judicial process; (3) the culpability of the disobedient party; (4) whether the court warned the disobedient party in advance that default judgment would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[30] "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is [default judgment] an appropriate sanction."[31] The court considers each of the *Ehrenhaus* factors.

Considering the first and second factors together, the court acknowledges that Defendants' failure to timely provide their initial disclosures has imposed some degree of actual prejudice upon Mr. Mendoza and some interference with the judicial process. At the same time, Mr. Mendoza could have mitigated the prejudice to him had he moved to compel production of those disclosures. Had he done so, he could have obtained a court order requiring production of the disclosures. With that order, he could have either obtained the disclosures from Defendants or had a basis to move for sanctions under Rule 37(b). Thus, even though the vast majority of the blame lies with Defendants, Mr. Mendoza did not mitigate the prejudice. Accordingly, the court views this factor as slightly in Mr. Mendoza's favor given that Defendants bear the majority of

---

[29] *Id.* at 921; *see also Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1159 (10th Cir. 2013) ("To determine if a sanction such as . . . default judgment is appropriate, courts should consider [the *Ehrenhaus* factors]."); *Royal Mfg Co, L.P. v. IXL Premium Lubricants*, No. 1:16-CV-00050-PMW, 2018 WL 1918602, at *2-3 (D. Utah Apr. 20, 2018) (considering *Ehrenhaus* factors to determine whether entry of default judgment was an appropriate sanction under Rule 37(b)(2)(A)(vi)).

[30] *Ehrenhaus*, 965 F.2d at 921.

[31] *Id.* (citation modified).

the fault, and Mr. Mendoza should not have to babysit their compliance with the court's scheduling orders.

As for the third factor, Defendants are responsible for their failure to timely provide their initial disclosures. However, there is no persuasive indication that their failure was willful. Instead, it appears to be the result of simple neglect or inadvertence.[32] Mr. Mendoza's conclusory arguments to the contrary are insufficient to establish willfulness. Accordingly, this factor weighs against entry of default judgment as a sanction.

Regarding the fourth factor, Defendants have not been specifically warned that entry of default judgment would be a sanction for their failure to produce initial disclosures. Although the court verbally warned Defendants that they were required to produce their initial disclosures, the court did not mention the possibility of default judgment. Therefore, this factor weighs against entry of default judgment as a sanction.

Finally, concerning the fifth factor, the imposition of the severe sanction of default judgment is not warranted because lesser sanctions would likely be effective. Importantly, however, Mr. Mendoza does not request any lesser sanctions. Given that entry of default judgment as a sanction is "a weapon of last, rather than first, resort,"[33] this factor weighs against Mr. Mendoza's requested sanction.

---

[32] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464-65 (10th Cir. 1988) ("We have reversed dismissals and defaults, or remanded for more specific findings on the parties' responsibility, where inadvertence or simple neglect were the basis of the court's decision.").

[33] *Ehrenhaus*, 965 F.2d at 920 (citation modified).

On balance, the *Ehrenhaus* factors weigh against imposition of the severe sanction of entry of default judgment. Therefore, Mr. Mendoza's request for that sanction under Rule 16(f) should be denied.

    2.  Rule 37(b)

The court should deny Mr. Mendoza's request for entry of default judgment as a sanction under Rule 37(b). In relevant part, Rule 37(b) provides that "[i]f a party . . . fails to obey *an order to provide or permit discovery*, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders," including "rendering a default judgment against the disobedient party."[34] Because the court has not entered any orders to provide or permit discovery in this case—like those under Rule 26(f), 35, or 37(a)—there is no such order that Defendants could have violated.[35] Therefore, Mr. Mendoza cannot obtain

---

[34] Fed. R. Civ. P. 37(b)(2)(A)(vi) (emphasis added).

[35] Mr. Mendoza contends that Defendants' violation of the deadlines for initial disclosures in the court's scheduling orders qualifies as a basis for sanctions under Rule 37(b). That argument misses the mark because Rule 16(f) provides the specific mechanism for imposing sanctions when a party violates a Rule 16(b) scheduling order. Rule 37(b), on the other hand, provides the avenue for imposing sanctions for violations of an order to provide or permit discovery. Reading Rule 37(b) in the manner that Mr. Mendoza suggests would render superfluous the portion of Rule 16(f) relating to violations of a scheduling order. The court cannot read a Federal Rule of Civil Procedure in such a way that renders another rule superfluous. *See, e.g.*, *Braun v. Medtronic Sofamor Danek, Inc.,* 141 F. Supp. 3d 1177, 1183 (D. Utah 2015) ("Whatever other limitations exist, Rule 50(b) cannot be read to render a Rule 50(a) motion superfluous."). In any event, even if Defendants' failure to timely provide initial disclosures in violation of the scheduling orders could qualify as a basis for sanctions under Rule 37(b), the sanction Mr. Mendoza requests—entry of default judgment—is the same sanction he requested under Rule 16(f). Thus, the court's analysis of the *Ehrenhaus* factors above would apply equally to his request for entry of default judgment under Rule 37(b), and based upon that analysis, the court would recommend that his Rule 37(b) request be denied.

sanctions under Rule 37(b),[36] and his request for entry of default judgment under that rule should be denied.[37]

### 3.  Rule 37(c)

Mr. Mendoza's request for sanctions under Rule 37(c) should be denied. Rule 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

To determine whether a Rule 26(a) violation is substantially justified or harmless, courts consider: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[38] Rule 37(c)(1)

---

[36] *Ehrenhaus*, 965 F.2d at 920 ("The district court's discretion to choose a sanction [under Rule 37(b)] is limited in that the chosen sanction must be both just and related to the particular claim which was at issue in the *order to provide discovery*." (emphasis added) (citation modified)); *Garner v. Cincinnati Ins. Co.*, No. 2:24-CV-00378, 2025 WL 3088945, at *5 (D. Utah Nov. 5, 2025) (concluding that Rule 37(b) sanctions were not permitted when "[n]o discovery orders were issued" and when there was "no specific order to provide or permit discovery—let alone an order [the defendant] disobeyed"); *Klein-Becker USA, LLC v. Collagen Corp.*, No. 2:07-CV-873 TS, 2008 WL 4699804, at *2 (D. Utah Oct. 22, 2008) (providing that Rule 37(b) "permits a court to impose sanctions where a party fails to comply with a *discovery order*" (emphasis added)).

[37] The closest Mr. Mendoza comes to identifying an order to provide or permit discovery is the concept that Rule 26(a)(1) initial disclosures are "the functional equivalent of court-ordered interrogatories." Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment. Mr. Mendoza cites *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952-53 (10th Cir. 2002), for the proposition that the Tenth Circuit treats the initial-disclosure requirement "as the equivalent of a court order for purposes of sanctions" under Rule 37(b). ECF No. 36 at 12. Mr. Mendoza's reliance on *Jacobsen* is entirely misplaced as that case does not address either initial disclosures or the imposition of sanctions under Rule 37(b). Thus, Mr. Mendoza's argument fails.

[38] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

further provides that "[i]n addition to or instead of" the sanction of excluding information, "the court, on motion and after giving an opportunity to be heard . . . may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi),"[39] which include "rendering a default judgment against the disobedient party."[40] Mr. Mendoza requests the sanction of entry of default judgment or, alternatively, exclusion of the information in Defendants' initial disclosures. As shown below, both requests should be denied.

Mr. Mendoza's request for default judgment under Rule 37(c) fails for the same reasons his request for default judgment under Rule 16(f) failed. When considering whether to enter default judgment as a sanction under Rule 37(c), the court considers the *Ehrenhaus* factors.[41] Thus, because Mr. Mendoza seeks the same sanction under Rule 37(c) that he did under Rule 16(f), and because both requests seek sanctions based on Defendants' failure to timely provide initial disclosures, the court's consideration of the *Ehrenhaus* factors above applies with equal weight to Mr. Mendoza's request for sanctions under Rule 37(c). Therefore, Mr. Mendoza's request for entry of default judgment under Rule 37(c) should be denied.

Mr. Mendoza's request under Rule 37(c) for exclusion of the information in Defendants' initial disclosures likewise fails because it is premature. Defendants have not attempted to use

---

[39] Fed R. Civ. P. 37(c)(1)(C).

[40] Fed. R. Civ. P. 37(b)(2)(A)(vi).

[41] *AKH Co., Inc. v. Universal Underwriters Ins. Co.*, No. 13-2003-JAR-KGG, 2019 WL 1261986, at *14-15 (D. Kan. Mar. 19, 2019) (applying *Ehrenhaus* factors to request for entry of default judgment under Rule 37(c)); *Hanover Ins. Grp. v. iCarpets, Inc.*, No. 16-CV-01013-RBJ, 2017 WL 6524657, at *9 (D. Colo. Dec. 21, 2017) (same).

any information from their Rule 26(a)(1) initial disclosures "on a motion, at a hearing, or at a trial."[42] For that reason alone, Mr. Mendoza's request is not ripe and should be denied.[43]

Additionally, Mr. Mendoza has not demonstrated—or even argued—that the *Woodworker's* factors weigh in favor of exclusion of the information in Defendants' initial disclosures. Further, the court's consideration of those factors shows that exclusion is not proper. First, although Defendants' late initial disclosures have imposed some prejudice on Mr. Mendoza, it is not the type of prejudice "that warrants exclusion under Rule 37(c), such as the introduction of new witnesses after the close of discovery, after expert reports and depositions are completed, and after dispositive motions have been filed."[44] Second, any prejudice to Mr. Mendoza appears to be curable through the normal discovery process, which the court intends to reopen to permit the parties to engage in meaningful discovery, including the filing of any necessary discovery motions.[45] Third, there is little danger in disrupting the trial in this case because a trial date has not yet been scheduled. Finally, as the court determined above, there is no persuasive indication that Defendants' actions relative to their initial disclosures were the

---

[42] Fed. R. Civ. P. 37(c)(1).

[43] *Greer v. Moon*, No. 2:24-CV-00421-DBB-JCB, 2024 WL 5041116, at *1 (D. Utah Dec. 9, 2024) ("Although Mr. Greer has indeed twice failed to provide Defendants with any witnesses or evidence in Rule 26(a)(1) initial disclosures, Defendants' Rule 37(c) motion is premature because Mr. Greer has not sought to use these witnesses or other undisclosed information in a motion, hearing, or trial.").

[44] *Id.* (citing *Applied Predictive Techs., Inc. v. MarketDial, Inc.*, No. 2:19-CV-00496-JNP-CMR, 2024 WL 309629, at *3 (D. Utah Jan. 26, 2024)).

[45] If the recommended rulings in this Report and Recommendation are adopted, the court will promptly enter an amended scheduling order with deadlines that will move discovery forward with deliberate speed.

result of bad faith or willfulness. For those reasons, the court should deny Mr. Mendoza's request

under Rule 37(c) for exclusion of the information in Defendants' initial disclosures.

4. Rule 37(d)

The court should deny Mr. Mendoza's request for entry of default judgment as a sanction

under Rule 37(d). Rule 37(d)(1)(A)(ii) provides that "[t]he court where the action is pending

may, on motion, order sanctions if . . . a party, after being properly served with interrogatories

under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or

written response." "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi),"[46]

including "rendering a default judgment against the disobedient party."[47] A motion for sanctions

for failure to answer or respond to interrogatories or requests for production "must include a

certification that the movant has in good faith conferred or attempted to confer with the party

failing to act in an effort to obtain the answer or response without court action."[48] Mr. Mendoza

fails to include in his motion the required meet-and-confer certification. Based upon that failure,

his request for entry of default judgment under Rule 37(d) should be denied.[49]

---

[46] Fed. R. Civ. P. 37(d)(3).

[47] Fed. R. Civ. P. 37(b)(2)(A)(vi).

[48] Fed. R. Civ. P. 37(d)(1)(B).

[49] *Patton v. Sparks*, No. 23-3096-JWB-RES, 2024 WL 181826, at *7 (D. Kan. Jan. 17, 2024) (denying request for Rule 37(d) sanctions with respect to interrogatories and requests for production because the movant did not include the certification required by Rule 37(d)(1)(B)); *Christenson Media Grp., Inc. v. Lang Indus., Inc.*, No. 10-2505-JTM, 2012 WL 3024707, at *1 (D. Kan. July 24, 2012) (same); *Kunard v. Scott Lowery L. Off., P.C.*, No. 10-CV-00565-RPM-MEH, 2010 WL 4394232, at *1-2 (D. Colo. Oct. 28, 2010) (same).

5. Rule 55

As an alternative to his requests for entry of default judgment as a sanction under the rules discussed above, Mr. Mendoza asks the court to strike Defendants' answer, enter Defendants' default under Rule 55(a), and enter default judgment against Defendants under Rule 55(b). The court should deny those requests because Mr. Mendoza fails to cite any authority for them. Mr. Mendoza's entire argument on this point is that the court should strike Defendants' answer "for discovery and case-management violations and enter . . . default under Rule 55(a)," then "enter default judgment under Rule 55(b)."[50] Such an underdeveloped argument is insufficient to support Mr. Mendoza's requested relief. Therefore, his request should be denied.

B.  Mr. Mendoza's Motions for Summary Judgment Should Be Denied.

The court should deny Mr. Mendoza's motions for summary judgment because they fail to comply with Rule 56 and this court's local rules. Under Rule 56(a), the court must grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When moving for summary judgment,

> [a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.[51]

---

[50] ECF No. 45 at 11.

[51] Fed. R. Civ. P. 56(c)(1)(A).

Additionally, under DUCivR 56-1(b), "[a] motion for summary judgment must . . . be supported by an Appendix of Evidence, as described in [DUCivR] 56-1(e)." Further, the party moving for summary judgment "must cite with particularity the evidence in the Appendix that supports each factual assertion."[52]

Although Mr. Mendoza's first motion for summary judgment contains a statement of facts, it fails to include any record citations or an Appendix of Evidence.[53] Mr. Mendoza's second motion for summary judgment contains no statement of facts and does not include any citations to the record or an Appendix of Evidence.[54] Thus, neither motion complies with Rule 56 or DUCivR 56-1. Based on those procedural failures, Mr. Mendoza's motions for summary judgment should be denied.

**II.    The Court Should Deny Mr. Mendoza's Motion for a Preliminary Injunction.**

Mr. Mendoza's motion for a preliminary injunction should be denied. "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal."[55] To be entitled to a preliminary injunction under Rule 65, the moving party must establish the following four elements: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if

---

[52] DUCivR 56-1(b)(3).

[53] *See generally* ECF No. 36.

[54] *See generally* ECF No. 45.

[55] *Dine Citizens Against Ruining Our Env't v. Jewell,* 839 F.3d 1276, 1281 (10th Cir. 2016) (citation modified).

issued, will not adversely affect the public interest."[56] "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction."[57] Showing irreparable harm "is not an easy burden to fulfill."[58] For the reasons discussed below, Mr. Mendoza fails to establish irreparable harm. Therefore, he is not entitled to a preliminary injunction, and the court need not address the remaining elements.[59]

First, Mr. Mendoza's claimed harm is speculative. Mr. Mendoza argues that a preliminary injunction is necessary because he believes that even if he is successful on the merits, Defendants will not return the property that is the subject of this case. However, "a party seeking preliminary relief must show more than the mere 'possibility' of such harm—rather, he must 'demonstrate that irreparable injury is *likely* in the absence of an injunction.'"[60] Mr. Mendoza fails to make that showing because he merely surmises that Defendants will not return the subject property.

---

[56] *Id.* (citation modified).

[57] *First W. Cap. Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017).

[58] *Fish v. Kobach*, 840 F.3d 710, 752 (10th Cir. 2016) (citation modified).

[59] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22-24 (2008) (recognizing that the failure to establish one of the four preliminary injunction elements obviates the need to address the other elements); *Highlands Ranch Neighborhood Coal. v. Cater*, No. 16-CV-01089-RM, 2016 WL 8737775, at *6 (D. Colo. Dec. 7, 2016) (denying the plaintiff's motion for a preliminary injunction for failure to establish one of the four required elements and concluding that the court need not decide whether the plaintiff met its burden on the other three elements); *Johnson v. Miller*, No. CIV-09-263-C, 2009 WL 2591681, at *2 (W.D. Okla. Aug. 20, 2009) (denying the plaintiff's motion for a preliminary injunction for failure to show a substantial likelihood of success on the merits of his claims and not addressing the remaining three elements).

[60] *Schiermeyer on Behalf of Blockchain Game Partners, Inc. v. Thurston*, 697 F. Supp. 3d 1265, 1270 (D. Utah 2023) (quoting *Winter*, 555 U.S. at 22) (emphasis in original).

Second, Mr. Mendoza fails to establish that he cannot be compensated through monetary damages if he prevails in this case. "It is . . . well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages."[61] Further, irreparable harm can be shown only "when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain."[62] Although Mr. Mendoza asserts that he will suffer continued harm unless the subject property is returned, he fails to argue that he cannot be made whole with an award of money damages.

Finally, Mr. Mendoza's delay in seeking injunctive relief undermines his claim of irreparable harm. "As a general proposition, delay in seeking preliminary relief cuts against finding irreparable injury."[63]

> [U]ndue delay can . . . weigh heavily against a party seeking preliminary relief. After all, such relief is generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs' rights. It follows that delay in seeking enforcement of those rights tends to indicate at least a reduced need for such drastic, speedy action.[64]

"As the Tenth Circuit has put it, delay 'undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable

---

[61] *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003).

[62] *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1156 (10th Cir. 2001).

[63] *Kansas Health Care Ass'n, Inc. v. Kansas Dep't of Soc. & Rehab. Servs.*, 31 F.3d 1536, 1543-44 (10th Cir. 1994) (citation modified).

[64] *Schiermeyer on Behalf of Blockchain Game Partners, Inc.*, 697 F. Supp. 3d at 1270 (citation modified).

injury.'"[65] Mr. Mendoza did not move for injunctive relief until over 16 months after he initiated this case. Such a significant delay demonstrates a lack of irreparable harm.[66] Because Mr. Mendoza fails to establish irreparable harm, his motion for a preliminary injunction should be denied.

### RECOMMENDATION

For the reasons stated above, the court HEREBY RECOMMENDS:

1.      Mr. Mendoza's motions for default judgment and summary judgment[67] be

         DENIED.

2.      Mr. Mendoza's motion for a preliminary injunction[68] be DENIED.

### NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[69] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[70] Failure to object may constitute waiver of objections upon subsequent review.

---

[65] *Id.* (quoting *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984)).

[66] Other courts in this district have found a lack of irreparable harm when preliminary injunctive relief was sought after similar delays. *Lone Star Promotions, LLC v. Abbey Lane Quilts, LLC*, No. 1:18CV73DAK, 2018 WL 5808802, at *6 (D. Utah Nov. 6, 2018) (concluding that movant failed to show irreparable harm when motion for preliminary injunction was filed 18 months after dispute arose); *Nature's Life, Inc. v. Renew Life Formulas, Inc.*, No. 2:05CV162, 2006 WL 62829, at *7 (D. Utah Jan. 11, 2006) (concluding that movant failed to establish irreparable harm based on movant's nine-month delay in seeking injunctive relief).

[67] ECF Nos. 36, 45.

[68] ECF No. 38.

[69] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[70] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

DATED this 4th day of March 2026.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge